FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 08 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-

CASTELL BROWN,

                      Defendant.
------------------------------------------------------------X

**OPINION & ORDER**
10-CR-675 (SJF)(ARL)

FEUERSTEIN, J.

On October 17, 2011, defendant Castell Brown ("defendant") pled guilty, pursuant to a plea agreement, to the single count of an indictment charging him with possession with intent to distribute five hundred (500) grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). On April 19, 2012, I sentenced defendant, *inter alia*, to a term of imprisonment of ninety-six (96) months, to be followed by a period of supervised release for four (4) years. Pending before the Court is defendant's motion for a *de novo* sentencing and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, defendant's motion is granted in part and denied in part.

I.    Background

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentencing, defendant's base offense level was twenty-six (26). See former U.S.S.G. § 2D1.1(a)(5). The base offense level was reduced by two (2) levels pursuant to § 3E1.1 of the Guidelines based upon defendant's acceptance of responsibility, thereby placing defendant at a total offense level of twenty-four (24) at the time of his sentencing. Since defendant's criminal

1

history placed him in Criminal History Category V, the then-applicable advisory Guidelines range was a term of imprisonment of between ninety-two (92) to one hundred fifteen (115) months, the range stipulated in the plea agreement.

Upon consideration, *inter alia*, of all applicable factors under 18 U.S.C. § 3553(a) ("the § 3553 factors"), I sentenced defendant to a term of imprisonment of ninety-six (96) months, to be followed by a period of supervised release for four (4) years.

Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to a term of imprisonment "at the lower end of the new Guidelines range * * *." (Affirmation of Patrick Michael Megaro, Esq. in Support of Motion to Reduce Sentence, ¶ 16). In support of his motion, defendant submitted a SENTRY report from the United States Department of Justice, Federal Bureau of Prisons ("FBOP") indicating, *inter alia*, that defendant has not had any disciplinary infractions while incarcerated; a notice by the FBOP, dated November 20, 2013, indicating, in relevant part, that defendant had requested participation in its Residential Drug Abuse Treatment Program ("RDAP"), but was found to not qualify for that program due to insufficient documentation of a history of substance abuse; certificates of achievement earned by defendant during his incarceration, including a certificate of completion of the course requirements in automotive service maintenance and light repair and various certificates of training in specific areas of automotive repair; and letters from the International Sports Sciences Association ("ISSA"), advising defendant, *inter alia*, that he passed the examination to become an ISSA certified personal fitness trainer. In addition, the Addendum to the PSR indicates, *inter alia*, that while incarcerated, defendant availed himself of classes in various other areas, including the American Space program, release preparation and disease prevention and health management, and worked as a recreation orderly and unit orderly. The government contends that his request for a *de novo* sentencing

2

should be denied, but does not dispute that defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and consents to a reduction in defendant's sentence to a term of imprisonment of seventy-seven (77) months.

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that– * * * in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant * * *, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010); see also U.S. v. Johnson, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." U.S. v. Mock, 612 F.3d 133, 134-35 (2d Cir. 2010). Accordingly, defendant's request for a *de novo* sentencing is denied.

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to §

3

3582(c)(2) for a sentence reduction." U.S. v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (citing Dillon, 560 U.S. 817, 130 S. Ct. at 2683); accord U.S. v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id.

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. See U.S. v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining ... whether a reduction in the defendant's term of imprisonment is warranted....")); U.S. v. Wilson, 716 F.3d 50, 53 (2d Cir. 2013) (accord). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman v. United States, 131 S. Ct.

4

2685, 2694, 180 L. Ed. 2d 519 (2011).

A. Eligibility for a Sentence Reduction

As relevant here, Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant was released prior to November 1, 2015. See U.S. v. Vargas, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." Wilson, 716 F.3d at 52 (quotations and citation omitted); see also U.S. v. Rios, 765 F.3d 133, 137 (2d Cir. 2014), cert. denied by Bautista v. United States, — S. Ct. —, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. See Freeman, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

5

"(a) Authority–

>(1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>(2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
>
>(3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.–

>(1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
>(2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range

> determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> * * *
>
> (e) Special Instruction.– (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant's base offense level is eligible for a reduction from twenty-six (26) to twenty-four (24). Applying the two (2)-point reduction for defendant's acceptance of responsibility that was applied at defendant's original sentencing reduces defendant's total offense level from twenty-four (24) to twenty-two (22). Since defendant's criminal history placed him in Criminal History Category V, the amended Guidelines range that would have been applicable to defendant had Amendment 782 been in effect at the time of his sentencing is a term of imprisonment of between (77) to ninety-six (96) months. Accordingly, defendant is eligible for a sentence reduction under Section 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as nineteen (19) months, i.e., to seventy-seven (77) months, the minimum amended Guidelines range. See U.S.S.G. 1B1.10(b)(2)(A).

B.  Whether a Reduction is Warranted

Upon (1) review of the defendant's sentencing memorandum, the Addendum to the PSR and the parties' submissions on this motion; (2) reconsideration of the applicable factors under

18 U.S.C. § 3553(a); and (3) consideration of the nature and seriousness of the danger that may be posed by a reduction in defendant's term of imprisonment and his endeavors and lack of any disciplinary issues while incarcerated, I find that a reduction of defendant's sentence to a term of imprisonment of eighty-one (81) months is appropriate under the circumstances of this case. Except as otherwise provided herein, all provisions of the judgment dated May 2, 2012 shall remain in effect.

III.     Conclusion

For the reasons set forth above, the branch of defendant's motion seeking a *de novo* sentencing is denied; the branch of defendant's motion seeking to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is granted; and defendant's previously imposed sentence of imprisonment of ninety-six (96) months is reduced to eighty-one (81) months. Pursuant to U.S.S.G. § 1B1.10(e)(1), this Order shall be effective November 1, 2015.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Court

Dated: October 8, 2015
       Central Islip, New York